The Court
delivered in the following opinion :— A re-hearing was granted in this cause, upon a suggestion that this court erred in the application of the principle upon which the former decision was founded, viz; “ That the complainants having taken bond with personal security for the payment of the consideration money, have no equitable lien upon the land.”
The appellee’s counsel has cited and relied on á variety of cases reported to have been decided in the courts of England, and a case reported in 2 Wash. 144. From a thorough examination of all the cases, the prin- *49 tiple is fully supported ; and particularly the case in Washington’s Reports ; where the president of the court of appeals in Virginia, says, u If this were a new case, I should feel no difficulty in making it a precedent. But the doctrine that a vendor of land not taking a security, nor making a conveyance, retains a lien upon the property, is so well settled as to be received as a maxim. Even if he hath made a conveyance, yet he may pursue the land in the possession of the vendee or of a purchaser with notice. But if he hath taken a security, or the vendee hath sold to a third person without notice, the lien is lost.’’'’ And the opinion of that court was, that as the vendor had neither conveyed the land^ nor taken any security for the balance of the purchase money, he had a lien upon the land ; from which it is strongly implied, that it the land had been conveyed, or the vendor had taken any security for the consideration moneys the lien was lost. In this case no conveyance has been made ; but bonds have been taken with personal security for the payment of the consideration money ; and therefore is fully within one branch of judge Pendleton’s opinion, and that of the court of appeals in Virginia.
It was stated by the appellee’s counsel, that the appel-Iantand his security were both insolvent, and therefore the debt was not rendered more secure, than if the bonds and security had not been given. Without deciding the question whether after a person has taken a security, and that security shall be lost or prove insufficient, he may resume his lien ; the argument must loose its weight in this case, as there is río suggestion or allegation in the bill, or a tittle of testimonyj that Niblic, the security, is insolvent, or like to become so. And therefore it does not appear to this court that the security taken is not sufficient.
It was also urged that the prayer of this bill is for general relief, and therefore, as the parties are before the chancellor, he should decree between them according to equity, and not send them away without doing complete justice. This doctrine is correct where a proper ease is made, upon which the chancellor should act; Ihe will so shape and mould his decrees as will do ample justice between the parties, according to the case stated ; but he will never travel out of the allegations and proofs.
Former decree affirmed.